IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTIAN MUELLER
and MELANIE MUELLER,

        Plaintiffs,

v.                                                                  Civil Action No. 3:18cv848

THE HENRICO COUNTY SCHOOL BOARD
and SUPERINTENDENT AMY CASHWELL,

        Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on two motions: (1) the Henrico County School Board (the "School Board") and Superintendent Amy Cashwell's ("Dr. Cashwell") Motion to Dismiss Pursuant to Rules 8(a)[1] and 10(b)[2] (the "Rules 8 and 10 Motion to Dismiss"), (ECF No. 8); and, (2) Dr. Cashwell's Motion to Dismiss for Failure to State a Claim (the "Rule 12(b)(6) Motion to Dismiss"), (ECF No. 6). In the Rules 8 and 10 Motion to Dismiss, the School Board and Dr. Cashwell assert two grounds for relief: (1) that "[t]he [C]omplaint is so vague about time periods and events and so burdened by excessive and irrelevant information that the defendants cannot properly identify the relevant claims and file a proper responsive pleading;" and, (2) that "[t]he [C]omplaint does not state 'each claim founded on a separate transaction or occurrence . . . in a separate count.'" (Rules 8 and 10 Mot. Dismiss 1, ECF No. 8.) In the Rule

---

[1] Rule 8(a) requires that a pleading seeking relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[2] Rule 10(b) states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.*

12(b)(6) Motion to Dismiss, Dr. Cashwell asserts that the Complaint does not allege any wrongdoing on her part, that the Individuals with Disabilities Education Act ("IDEA") does not create individual employee liability, and that the Court should dismiss her because "the action is essentially an action against the School Board." (Mem. Supp. Rule 12(b)(6) Mot. Dismiss 2–3, ECF No. 7.) Plaintiffs Christian Mueller and Melanie Mueller[3] (collectively, the "Muellers") responded and, in a single filing, opposed both the Rules 8 and 10 Motion to Dismiss and the Rule 12(b)(6) Motion to Dismiss. (ECF No. 10.) The School Board and Dr. Cashwell replied in a single filing. (ECF No. 12.)

This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction over Plaintiffs' federal claim pursuant to 28 U.S.C. § 1331.[4] For the reasons that follow, the Court will grant the Rules 8 and 10 Motion to Dismiss and deny as moot the Rule 12(b)(6) Motion to Dismiss.

## I. Review of the Muellers' Complaint

The Court has reviewed the Complaint filed by the Muellers, which numbers almost 40 pages and includes over 130 individual paragraphs. The Muellers bring their Complaint against the School Board and the superintendent of Henrico County Public Schools, Dr. Amy Cashwell, requesting that the Court review a school hearing officer's determination under the IDEA, 20 U.S.C. § 1415. The Muellers request that the Court review the administrative record they have provided, reverse and vacate the hearing officer's September 12, 2018 decision to the extent that

---

[3] The Complaint states that Melanie Mueller is Christian Mueller's mother.

[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). The Muellers bring their Complaint pursuant to the IDEA, 20 U.S.C. § 1415.

it adversely affected them, find that the School Board erred in denying Christian Mueller services, and award Melanie Mueller "all costs, expenses, advocates' fees, and [] other relief" as appropriate. (Compl. 1, ECF No. 1; *id.* ¶¶ 131–133.)

In their Complaint, Christian and Melanie Mueller allege a number of problems with the hearing officer's September 12, 2018 decision.[5] In support of their claims, the Muellers provide

---

[5] Beginning on page 36, the Complaint purports to list the errors made by the hearing officer responsible for the September 2018 decision that followed the events described in the Muellers' meandering legal and factual 35-page account of what they say preceded the decision. They include:

1) "The Hearing Officer issued an unsubstantiated ruling in favor of the school division . . . based on areas of rational . . . neither based on the facts of the case nor the law under IDEA as it pertains to [the Hearing Officer's] authority." (Compl. ¶¶ 2, 129.)
2) "The Hearing Officer ruled in favor of the School Board, failing to acknowledge Henrico County Public School's federally mandated responsibilities to ensure that the November 3, 2017 [individual education plan ('IEP')] was not pre-determined by the school division staff when the school district evidence and testimony support that the factors for consideration, services, related services, and placement were pre-determined by the school division without consideration for meaningful parent input, and in total contradiction to the district's own data, with the sole purpose of coercing [Melanie Mueller] into terminating special education services for [Christian Mueller]." (*Id.* ¶¶ 3, 124.)
3) "The Hearing Officer failed to consider the fact that [Christian Mueller] had not completed the vocational component of the [individual student alternative education plan ('ISAEP')], as required." (*Id.* ¶ 8.) "He also failed to order the school division to re-enroll [Christian Mueller] back into the program to allow him to complete the required components." (*Id.* ¶ 8.)
4) "The Hearing Officer erred when he failed to find that the [local education agency's ('LEA')] failure to conduct a Functional Behavior Assessment as required under the Manifestation Determination Review, constituted a denial of FAPE." (*Id.* ¶ 121.) The Court presumes "FAPE" indicates free appropriate public education. *See D.W. by & through Williams v. Chesterfield Cty. Schs.*, No. 3:17cv679, 2018 WL 3098121, at *1 (E.D. Va. June 5, 2018) (using the term "FAPE" as an abbreviation for "free appropriate public education"), *report and recommendation adopted*, No. 3:17cv679, 2018 WL 3097017 (E.D. Va. June 22, 2018).
5) "The Hearing Officer erred when he failed to find that the LEA had failed to evaluate for and provide the required supports and supplementary aids for Christian Mueller to be successful in the Least Restrictive Environment, Glen Allen High School, prior to removing him to a more restrictive setting, Brook Road Academy." (*Id.* ¶ 122.)

3

a difficult-to-follow narrative describing the School Board's treatment of Christian Mueller's needs and its treatment of Melanie Mueller as Christian's parent. Reading this narrative liberally,[6] the Muellers appear to aver that the impetus for the September 12, 2018 hearing stemmed from Christian Mueller's allegedly premature removal from the school's Individual Student Alternative Education Plan ("ISAEP") program, which prevented him from receiving further services from Glen Allen High School. The motions at bar followed.

## II.
## The Muellers' Complaint Fails to Meet the Pleading Requirements Articulated in Rules 8(a) and 10(b)

Federal Rule of Civil Procedure 8(a) requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). Rule 8(d) requires "[e]ach allegation [to] ... be simple, and direct." Fed. R. Civ. P. 8(d). The Rules require such pleading "to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Even *pro se* plaintiffs must recognize Rule 8's vision for 'a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issue* to be litigated, and provide a means for quick dispositions of sham claims.'" *Id.* (quoting *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)). Unnecessarily verbose statements "place an unjustified

---

[6] District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). A *pro se* plaintiff must nevertheless allege facts sufficient to state a cause of action. *Id.* (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014). However, even construing the Muellers' Complaint liberally, the Court finds that it does not meet the pleading requirements of Rules 8(a) and 10(b).

4

burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage." *Sewraz v. Morchower*, No. 3:08cv100, 2009 WL 211578, at *1 (E.D. Va. Jan. 28, 2009) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks omitted).

Although the Muellers list the ways in which they believe the "Hearing Officer" erred in making the September 12, 2018 decision and specify the relief they seek, their statement of the facts, the "narrative" of the case, offends Rule 8(a). The Muellers' statement of facts fails to coherently convey the facts, on which the Muellers rely, in a way that enables the School Board and Dr. Cashwell to understand the Muellers' grievances and to frame a responsive pleading. The 38-page, 133-paragraph Complaint contains statements pertaining to events over the course of several years,[7] discusses multiple individuals without describing their positions or their significance in this case,[8] and suffers from a lack of sufficient background information or context to explain how the various allegations fit into the overall narrative. Rather than providing clarity, the legal citations interspersed throughout the Muellers' Complaint muddy their allegations further. *See Davis v. Infinity Ins. Co.*, No. 2:15cv01111, 2017 WL 4224588, at * 3 (N.D. Ala. Sept. 22, 2017) (finding that the plaintiffs' Second Amended Complaint violated the

---

[7] For example, the Complaint references a social evaluation conducted in 2015 and Christian Mueller's initial IEP, which was done in early 2016. It also discusses his December 8, 2016 IEP, the decision to enroll him in an alternative private school, and his subsequent discharge from the private school in 2017. The Complaint also alleges facts pertaining to several events without explaining when those events occurred.

[8] For instance, the Complaint references an individual named "Kristin Pepper" and someone named "Ms. Lucas," without providing any information about the roles of these individuals. The Complaint also refers to Dr. Marla Crawford as Melanie Mueller's expert, but also appears to aver that Dr. Crawford played a role in the November 3, 2017 IEP meeting. The Complaint fails to provide enough context for the Court to understand Dr. Crawford's position and her role throughout the narrative.

5

federal pleading rules and stating that "her inclusion of legal arguments/conclusions muddies her allegations and claims beyond what is permissible").

These problems force the Court and the Defendants to guess as to the relevance of many of the statements contained in the Muellers' narrative, and it makes the task of piecing together what has happened in this case impracticable. The Complaint "fails to articulate claims with sufficient clarity to allow [the School Board and Dr. Cashwell] to frame a responsive pleading." *SunTrust Mortg., Inc. v. First Residential Mortg. Servs. Corp.*, No. 3:12cv162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012), *report and recommendation adopted*, 2013 WL 505828 (E.D. Va. Feb. 8, 2013) (citations omitted). Consequently, it fails to meet the pleading standard required by Rule 8(a),[9] and the Court will dismiss the Complaint.

### III.
### The Muellers' Complaint Also Likely Fails to Meet the Pleading Requirements of Rule 12(b)(6) as to Dr. Cashwell

Because the Court has dismissed the Muellers' Complaint against both the School Board and Dr. Cashwell pursuant to Rule 8, the Court will deny as moot the Rule 12(b)(6) Motion to Dismiss. However, even if the Court considered the Rule 12(b)(6) Motion to Dismiss on the merits, the Court would likely grant it.

---

[9] The Complaint also fails to meet the requirements of Federal Rule of Civil Procedure 10(b), which requires that a plaintiff "state [his or her] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.* The Muellers do not meet these requirements in their Complaint. Although the Complaint contains numbered paragraphs, the facts list a number of events, accusations, and people without any organizational scheme or structure. The Muellers' sporadic citations to law in the Complaint clouds their allegations rather than shedding light on their claims. These shortcomings combined with the Complaint's general lack of sufficient context and background information leaves the Court and the Defendants unable to understand the pertinent nature of and circumstances surrounding the Muellers' claims.

Even if the Muellers had properly pled their claims pursuant to Rules 8(a) and 10(b), their "Complaint may suffer an additional procedural defect such that it may not survive a Rule 12(b)(6) motion." *D.W.*, 2018 WL 3098121, at *8 n. 8. In their Complaint, Christian Mueller and Melanie Mueller name as a defendant Dr. Amy Cashwell, the current superintendent of Henrico County Public Schools. The Court cannot clearly discern whether the Muellers have sued Dr. Cashwell in her individual or official capacity, but in both situations, the Muellers' allegations against Dr. Cashwell would likely fail.

First, if the Muellers were to allege liability by Dr. Cashwell in her individual capacity, their attempt would likely fail because the IDEA does not create individual liability. *Id.* ("[T]he IDEA does not create individual liability."); *Justice ex rel. Son v. Farley*, No. 5:13cv343, 2014 WL 229127, at *8 (E.D.N.C. Jan. 21, 2014) (stating that the IDEA "[does] not create individual liability" (quoting *J.W. v. Johnston Cty. Bd. Of Educ.*, No. 5:11cv707, 2012 WL 4425439, at *6 (E.D.N.C. Sept. 24, 2014))), *aff'd per curiam Justice v. Farley*, 569 F. App'x 181, 182 (4th Cir. 2014). Even more problematic, the Muellers do not include *any* allegations of Dr. Cashwell's wrongdoing. Without any assertions concerning Dr. Cashwell in the Complaint, the statement of facts likely would not support a reasonable inference that the Court could hold her liable individually for any of the misconduct that the Muellers have alleged. *See ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019) ("To contain sufficient factual matter to make a claim plausible, the factual content must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))); *D.W.*, 2018 WL 3098121, at *8 n. 8 (explaining that the school division's superintendent was an improper party because, among other reasons, "nowhere in the Complaint does Plaintiff levy specific allegations against" the superintendent). The Court

7

notes that, in the event the Muellers file an amended complaint against Dr. Cashwell, they must plead facts "support[ing] a reasonable inference that [Dr. Cashwell] is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

Second, the Muellers' attempt to hold Dr. Cashwell liable in her official capacity would also likely fail. "[O]fficial-capacity [law]suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n. 55 (1978)). Because the School Board received notice and responded to the Muellers' Complaint, the "official-capacity suit is, in all respects other than name, to be treated as a suit against the" School Board. *Graham*, 473 U.S. at 166 (citation omitted), *see also Howard v. City of Durham*, No. 1:17cv477, 2018 WL 1621823, at *8 (M.D.N.C. Mar. 31, 2018) ("It is duplicative to bring the same claim against a defendant in his [or her] official capacity and against the government entity that employs that defendant, and in such a case the official capacity claim should be dismissed." (citing *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004)).

For these reasons, if the Court were to consider Dr. Cashwell's Rule 12(b)(6) Motion to Dismiss on the merits, the Court would likely grant it. However, because the Court dismisses the Muellers' Complaint against both the School Board and Dr. Cashwell under Rule 8, the Court will deny as moot the Rule 12(b)(6) Motion to Dismiss.

### IV. Conclusion

For the foregoing reasons, the Court grants the Rules 8 and 10 Motion to Dismiss, (ECF No. 8), and denies as moot the Rule 12(b)(6) Motion to Dismiss, (ECF No. 6). The Court dismisses without prejudice the Muellers' Complaint. (ECF No. 1.)

8

In deference to the Muellers' *pro se* status and in the interest of justice, the Court grants the Muellers leave to file an Amended Complaint. If the Muellers choose to do so, they shall file their Amended Complaint no later than September 27, 2019. The Amended Complaint shall outline in simple and straightforward terms why the Muellers think that they are entitled to relief and why the Court has jurisdiction over their case. *See* Fed. R. Civ. P. 8(a)(1–2).

Christian Mueller and Melanie Mueller must clarify the allegations in their amended complaint pursuant to Rule 8(a). They must also take care to organize the statement of facts pursuant to Rule 10(b).

The amended complaint shall also comply with the following directions:

1. At the very top of the amended pleading, the Muellers must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:18cv848."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, the Muellers must set forth legibly and coherently, in separately numbered paragraphs, a short statement of the facts giving rise to their claims for relief.

3. The Muellers shall also include the relief they request – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. The Muellers may not reference statements in the prior complaint, in Melanie Mueller's response to the Defendants' Motions to Dismiss, or transcripts from prior testimony.

5. The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz*, 2009 WL 211578, at *2.

The Muellers shall comply with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Virginia. The Muellers are advised that failure to strictly comply with

the Court's directives and with applicable rules will result in dismissal of this action without prejudice.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/16/2019
Richmond, Virginia