IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTIAN MUELLER**
**and MELANIE MUELLER,**

      **Plaintiffs,**

v.                                                   **Civil Action No. 3:18cv848**

**THE HENRICO COUNTY SCHOOL BOARD,**

      **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant the Henrico County School Board's (the "School Board") Motion to Dismiss Pursuant to Rules 8(a)[1] and 10(b)[2] (the "Second Motion to Dismiss"). (ECF No. 20.) Plaintiffs Christian Mueller and Melanie Mueller[3] (collectively, the "Muellers") responded. (ECF No. 22.) The School Board did not reply and the time to do so has expired. This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately address the facts and legal contentions and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[4] For the

---

[1] Rule 8(a) requires that a pleading seeking relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[2] Rule 10(b) states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.*

[3] Melanie Mueller is Christian Mueller's mother and "holds a 'Specific Power Of Attorney For Educational Decisions Made Under The Individuals With Disabilities Act,' in all educational matters pertaining to Christian Mueller as of October 23, 2018, and has initiated this action on his behalf." (Am. Compl. ¶ 1, ECF No. 19.)

[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Amended Complaint

reasons that follow, the Court will grant the Second Motion to Dismiss and will dismiss without prejudice the Muellers' Amended Complaint. However, the Court will separately order that the Muellers show cause no later than twenty-one (21) days from the date of this Memorandum Opinion and Order why their case should not be dismissed. The Court will also order that the School Board shall respond within eleven (11) days of the Muellers' show cause statement. The Muellers' failure to show cause SHALL result in this case being DISMISSED WITH PREJUDICE.

## I. Background

### A. Procedural Background

In their initial Complaint, the Muellers alleged violations of the IDEA, naming as Defendants both the School Board and Dr. Amy Cashwell, the Superintendent of Henrico County Public Schools. (*See generally* Compl., ECF No. 1.) The School Board filed a Motion to Dismiss pursuant to Rules 8(a) and 10(b) ("School Board's First Motion to Dismiss"), (ECF No. 8), and Dr. Cashwell filed a Motion to Dismiss pursuant to Rule 12(b)(6) ("Dr. Cashwell's Motion to Dismiss"), (ECF No. 6). The Muellers filed a joint response to the School Board's First Motion to Dismiss and Dr. Cashwell's Motion to Dismiss, (ECF No. 10), and the School Board and Dr. Cashwell filed a joint reply, (ECF No. 12).

The Court ordered the Parties to participate in an expedited settlement conference, (ECF No. 13), and appointed *pro bono* counsel to represent the Muellers during the settlement conference, (ECF No. 14). After the Parties' participation in the ordered settlement conference, the Court granted the School Board's First Motion to Dismiss and denied as moot the Dr. Cashwell Motion to Dismiss. (Aug. 16, 2019 Mem. Op. & Order, ECF Nos. 17, 18.) After

---

alleges that the School Board violated the Muellers' rights under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400.

2

concluding that the Muellers failed to meet the pleading requirements articulated in Rules 8(a) and 10(b), the Court dismissed the Muellers' Complaint without prejudice, detailing specific instructions as to how the Muellers must amend their Complaint to satisfy the Rule 8(a) and 10(b) filing requirements.[5] (*See* Aug. 16, 2019 Mem. Op. 4–6.) The Court granted the Muellers leave to file an Amended Complaint while warning them that a failure to comply with Rules 8(a) and 10(b) would result in Dismissal without Prejudice. (Aug. 16, 2019 Order 1.)

The Muellers timely filed the Amended Complaint, again alleging violations of the IDEA, but naming only the School Board as Defendant. (*See generally* Am. Compl.) The School Board then filed the Second Motion to Dismiss.[6] Similar to the School Board's First Motion to Dismiss, in the Second Motion to Dismiss, the School Board argues that the Amended Complaint violates Rules 8(a) and 10(b) because "it is [so] vague about time periods and events . . . that the School Board cannot properly identify the relevant claims and file an appropriate responsive pleading." (Mem. Supp. Second Mot. Dismiss 1, ECF No. 21.)

The Muellers responded to the Second Motion to Dismiss, arguing that they need not provide all of the information that the School Board seeks because this case constitutes an appeal of the hearing officer's decision. The Muellers also state that they provided the additional information as "necessary to provide proper historical context and [to] outline important dates

---

[5] In its August 16, 2019 Memorandum Opinion, the Court emphasized that the Muellers' Complaint "fail[ed] to coherently convey the facts, on which the Muellers rely . . . [by] discuss[ing] multiple individuals without describing their positions or their significance in this case." (Aug. 16, 2019 Mem. Op. 5.) The Court concluded that the Muellers failed to allege "a sufficient background . . . or context to explain how the various allegations fit into the overall narrative." (*Id.*)

[6] The Second Motion to Dismiss included a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Civil Rule 7(K). (ECF No. 20.)

3

and events related to the case." (Resp. Second Mot. Dismiss 2, ECF No. 22.) The School Board did not reply.

Despite the Court's warning in its August 16, 2019 Memorandum Opinion, the Muellers' Amended Complaint fails on the same grounds as the Initial Complaint. (*Compare* Am. Compl., *with* Compl.) Contrary to the Court's request, the Muellers do not coherently convey the facts on which they rely, nor do they provide sufficient background information or context. (*See generally* Am. Compl.) Instead, the Muellers, for the second time, recount events spanning the course of several years while discussing many people without describing their relevance to the case. (*See id.*) Further, in contravention to this Court's August 16 Memorandum Opinion and Order, the Amended Complaint references "transcripts from prior testimony" that are not part of this record. (*See, e.g.*, Am. Compl. ¶¶ 17, 25, 45–50, 53.) Generally, the Amended Complaint again does not enable the School Board to "frame a responsive pleading," (*see* Aug. 16, 2019 Mem. Op. 5), nor does it allow the Court to discern the basis for their claim even reading the Amended Complaint favorably and construing it liberally.

### B.   Obligation to Liberally Construe *Pro Se* Pleadings

Because the Muellers proceed *pro se*, the Court liberally construes their filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Federal Rule of Civil Procedure 8 for "all civil actions"). A *pro se* plaintiff litigant must

allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014) (internal quotation marks and citations omitted).

C. **Review of the Muellers' Amended Complaint**

With this procedural posture in mind, the Court turns to a review of the Muellers' Amended Complaint. (ECF No. 19.) Although shorter than the original Complaint, which numbered almost 40 pages and included over 130 individual paragraphs, (*see generally* Compl.), the Amended Complaint spans approximately 25 pages and includes 73 individual paragraphs, (*see generally* Am. Compl.). Although the Muellers attempt some clarification of their claims, the Amended Complaint suffers from a critical number of the same defects as the original Complaint.

The Muellers bring their Amended Complaint against only the School Board. (*See* Am. Compl. 2 ("The Defendant in this matter is the Henrico County School Board solely.").) The Muellers state that they "seek reversal of the Hearing Officer's September 12, 2018 decision, to the extent that the decision was adverse to the [them] . . . and seek a ruling in [their] favor." (*Id.* 1–2.) The Muellers contend that "[t]he aspects of the hearing officer's decision that were adverse to the [them] . . . were not supported by the law, evidence, or the facts in this matter." (*Id.* 2.) The Muellers request that the Court "[r]eview the administrative record provided;"[7]

---

[7] The Muellers state that "[t]he administrative record will be filed with this Court by the Virginia Department of Education." (Am. Compl. ¶ 70.) To date, no administrative record has been filed. The Muellers have not cited a statutory or rule-based requirement that the Virginia Department of Education file such a record.

"[r]eview and vacate the Hearing Officer's September 12, 2018 decision to the extent that it was adverse to the[m] . . .;" and award Melanie Mueller "all costs, expenses, advocates' fees; and such other relief" as appropriate. (Am. Compl. ¶¶ 71–73.)

In their Amended Complaint, the Muellers allege a number of problems with the hearing officer's September 12, 2018 decision.[8] In support of their claims, the Muellers provide a difficult-to-follow narrative describing the School Board's treatment of Christian Mueller's needs and its treatment of Melanie Mueller as Christian's parent. Reading this narrative liberally, the Muellers appear to suggest that the impetus for the September 12, 2018 hearing stemmed from Christian Mueller's allegedly premature removal from the school's Individual Student Alternative Education Plan ("ISAEP") program, which prevented him from receiving further services from the School Board. The Muellers also cite several reasons which they

---

[8] These errors include that the Hearing Officer erred when he failed to:

(1) "find that the LEA's failure to conduct a Functional Behavior Assessment as required under the Manifestation Determination Review, constituted a denial of [Free Appropriate Public Education ('FAPE')]," (Am. Compl. ¶ 61);

(2) "find that the LEA had failed to evaluate for and provide the required supports and supplementary aids for Christian to be successful in the Least Restrictive Environment, Glen Allen High School, prior to removing him to a more restrictive setting, Brook Road Academy," (*id.* ¶ 62);

(3) "order the school division to re-enroll Christian into [Individual Student Alternative Education Plan Program] to complete the last two components of the program after it was determined that Principal Reginald Davenport improperly unenrolled Christian from the program when he had not completed all of the components of the program," (*id.* ¶ 63); and,

(4) "determine that the November 3, 2017 'Exit [Individual Education Plan ('IEP')]' was a pre-determined action by the school division with no input from the parent, and with[]out taking the proper steps to ensure that Christian had completed the [Individual Student Alternative Education Plan] requirements," (*id.* ¶ 64).

6

believe show how the School Board deprived Christian of a Free Appropriate Public Education ("FAPE").[9] The motion at bar followed.

## II. Analysis

### The Muellers' Amended Complaint Fails to Meet the Pleading Requirements Articulated in Rules 8(a) and 10(b)

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement" of the grounds for this Court's jurisdiction and a "statement of the claim[s] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(d) requires "[e]ach allegation [to] . . . be simple, and direct." Fed. R. Civ. P. 8(d). The Rules require such pleading "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Even

---

[9] Throughout the Amended Complaint, the Muellers point to several examples as to why they believe the School Board improperly deprived Christian of FAPE. For instance, they state that the School Board denied Christian FAPE "after he was diagnosed with Anxiety, ADHD, Depressive Disorder and Autism; yet, his IEP [] only listed his disability as 'Emotional Disability' and he was not provided the necessary accommodations, related services and special education to address . . . all of his disabilities." (Am. Compl. ¶ 16.) The Muellers also assert that the School Board denied Christian FAPE

> by its failure to provide him an Independent Educational Evaluation . . . from September 2016–September 2018 academic year; specifically refusing to facilitate the parent's request for an Independent Functional Behavior Assessment to determine the function, frequency, severity, and impact of the interfering behaviors that were barriers to Christian accessing the general curriculum as well as interacting appropriately on a social level with his peers and adults in the educational setting. Instead, the school division criminalized Christian for his mental health disabilities.

(*Id.* ¶ 30.) This allegation confuses. Clearly 2016–2018 does not pertain to just one school year.
While they add that, in 2017, the "school division denied the student and parent FAPE by denying [a Childhood and Adolescent Needs and Strengths Assessment] . . . which would have allowed the IEP Team to develop appropriate services and support for the student and family to address behavior and social skills deficits," it is not clear if this 2017 denial reverted back to 2016 or forward to 2018. (*Id.* ¶ 31.) This and other interspersed allegations do not sufficiently outline any particular claim.

7

*pro se* plaintiffs must recognize Rule 8's vision for 'a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issue* to be litigated, and provide a means for quick dispositions of sham claims.'" *Sewraz v. Morchower*, No. 3:08cv100, 2009 WL 211578, at *1 (E.D. Va. Jan. 28, 2009) (quoting *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)). Unnecessarily verbose statements "place 'an unjustified burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage.'" *Id.*, 2009 WL 211578, at *1 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks omitted).

Although the Muellers list the ways in which they believe the "Hearing Officer" erred in making the September 12, 2018 decision and specify the relief they seek, their Statement of the Facts, the "narrative" of the case, offends Rule 8(a). This narrative runs over 17 pages and includes 45 paragraphs of allegations. The Muellers' statement of facts fails to coherently convey the facts on which the Muellers rely in a way that enables the School Board to understand the Muellers' grievances in order to frame a responsive pleading. Nor can the Court, even reading liberally, discern them.

The 25-page, 73-paragraph Amended Complaint, like the original Complaint, contains statements pertaining to events over the course of several years,[10] discusses multiple individuals, often without describing their positions or the significance of those jobs to this case,[11] and

---

[10] For example, the Amended Complaint references a social evaluation conducted in 2015 and Christian Mueller's initial IEP, which was done in early 2016. (*See* Am. Compl. ¶¶ 19, 22.) It also discusses his December 8, 2016 IEP, the decision to enroll him in an alternative private school, and his subsequent discharge from the private school in 2017. (*See* Am. Compl. ¶¶ 37, 41, 44.) The Amended Complaint also alleges facts pertaining to several events without explaining when those events occurred. (*See, e.g.*, Am. Compl. ¶¶ 16–18, 24–25, 33, 35, 43–44.)

[11] For instance, the Amended Complaint refers to Dr. Crawford as "an advocate for the family who also served as an expert witness" and recounts some of her testimony, but does not

8

provides insufficient background information or context to reasonably infer how the various allegations fit into the overall narrative. Most starkly, the Muellers fail to recite a single Count against the School Board in the Amended Complaint, directly violating the Court's order.[12] (*See* Aug. 16, 2019 Mem. Op. 6 n.9.) Although the Amended Complaint lists what appear to be allegations of legal error, the Muellers do not demarcate *any* claims as Counts. (*See* Am. Compl. ¶¶ 61–70.) Further, the timing of each of these events does not suggest the Muellers limited their claims to "a single set of circumstances" as required by Rule 10(b). (*Id.*; *see also* Aug. 16, 2019 Mem. Op. 9.) Rather than providing clarity, the legal citations spattered within the Muellers' Complaint muddy their allegations further. *See Davis v. Infinity Ins. Co.*, No. 2:15cv01111, 2017 WL 4224588, at *3 (N.D. Ala. Sept. 22, 2017) (finding that the plaintiffs' Second Amended Complaint violated the federal pleading rules and stating that "her inclusion of legal arguments/conclusions muddies her allegations and claims beyond what is permissible").

These problems force the Court and the School Board to speculate as to the relevance of many of the statements contained in the Muellers' narrative, rendering the task of piecing together what has happened in this case impracticable. The Amended Complaint "fails to

---

explain when that testimony took place. (*See* Am. Compl. ¶ 50.) The Complaint fails to provide enough context for the Court to understand Dr. Crawford's position and her role in such a way that would support the Muellers' claim.

Similarly, the Muellers state that "[t]he psychological evaluation by School Psychologist Sandra Burnett; private evaluator, Pediatric Neurologist, Dr. Khawaja, and Licensed Clinical Social Worker, Kathleen Levinston; are all documents that were presented as evidence in support of the identification of Autism under [the] IDEA for Christian." (*Id.* ¶ 24.) This allegation does not buttress the Muellers' cause of action. Although the Muellers announce the positions held by each of these individuals, they do not provide enough context for the Court, even reading liberally, to reasonably infer when these evaluations took place or in what hearing the Muellers introduced this evidence.

[12] Under Federal Rule of Civil Procedure 41(b), the Court may dismiss the action based on "the [Plaintiffs'] fail[ure] . . . to comply with . . . a court order." Fed. R. Civ. P. 41(b).

articulate claims with sufficient clarity to allow [the School Board] to frame a responsive pleading." *SunTrust Mortg., Inc. v. First Residential Mortg. Servs. Corp.*, No. 3:12cv162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012), *report and recommendation adopted*, 2013 WL 505828 (E.D. Va. Feb. 8, 2013) (internal quotation marks and citation omitted). Nor can the Court distill facts from the Amended Complaint, even reading it liberally, to discern the claim they raise. The Court cannot risk advocating or developing statutory or constitutional claims *sua sponte*. Consequently, the Amended Complaint fails to meet the pleading standard required by Rule 8(a),[13] directly violating the Court's order and Rule 41(b). Therefore, the Court will grant the Second Motion to Dismiss.

Finally, the Muellers seek, without explaining a basis, $13,437.70 reimbursement and a monthly cost of $2170–$3350 for out-of-pocket expenses. (*See* Am. Compl. ¶ 55.) The Muellers, as before, ask this Court to incorporate evidence from the "initial due process hearing" because the basis for their damages was "accepted [as evidence] by the presiding Hearing Officer." (Resp. Mot. Dismiss 2.) While the Muellers need not establish damages in detail in the Amended Complaint, this demand again appears to treat this action as an appeal from an Administrative Hearing—with an Administrative record—absent establishing the legal procedure

---

[13] The Amended Complaint also fails to meet the requirements of Federal Rule of Civil Procedure 10(b), which requires that a plaintiff "state [his or her] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.* Although the Amended Complaint contains numbered paragraphs, the facts list a number of events, accusations, and people without any organizational scheme or structure. The Muellers' sporadic citations to law in the Amended Complaint cloud their allegations rather than shedding light on them. The Muellers attempt to denote allegations of legal error, but they fail to identify any single count against the School Board. These shortcomings combined with the Amended Complaint's overall lack of sufficient context and background information leaves the Court and the School Board unable to understand the pertinent nature of and circumstances surrounding the Muellers' claims.

10

from which it arises or on which it rests. The Court has no such record and cannot incorporate previous findings from earlier hearings without a legal basis to do so.

### III. Conclusion

For the foregoing reasons, the Court will grant the Second Motion to Dismiss. (ECF No. 20.)

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 9/9/2020
Richmond, Virginia